UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BELTONE ELECTRONICS CORPORATION,

Plaintiff,

v. Case Number: 01-CV-306 (RHK/SRN)

STARKEY LABORATORIES, INC.,

Defendant.

**STIPULATED PROTECTIVE ORDER**

The parties being engaged in discovery pursuant to the Federal Rules of Civil Procedure that may require disclosure of confidential information that should be protected under Federal Rule of Civil Procedure 26(c)(2),

IT IS HEREBY AGREED and ORDERED as follows:

**SCOPE AND IMPLEMENTATION OF THE PROTECTIVE ORDER**

1. This Protective Order shall govern the handling and dissemination of all documents and information designated as Confidential in the action entitled Beltone Electronics Corporation v. Starkey Laboratories, Inc., No. 01-CV-306 (D. Minn.).

2. No documents or information produced or disclosed pursuant to this Protective Order may be used by the receiving party for any reason other than the prosecution or defense of claims in, or the settlement of, this action.

**DESIGNATIONS: "CONFIDENTIAL" OR "ATTORNEYS EYES ONLY"**

3. "Confidential Information" is a trade secret or information that a party reasonably and in good faith believes is confidential information which it would not normally reveal to competitors.

4. Prior to the production of any document containing or the written disclosure of any information comprising Confidential Information, the party producing the document or

FILED AUG 02 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

disclosing the information ("Producing Party") shall mark each document containing such Confidential Information with the notation "Confidential" or some similar designation. If any Confidential Information is disclosed in deposition testimony, the party claiming confidentiality shall notify the other parties of the portion of the testimony for which such treatment is sought at the time of the testimony or within a reasonable time period after receipt of the transcript, such reasonable time period not to exceed 10 days.

5. Certain Confidential Information may be further designated as "Attorney Eyes Only;" provided, however, that such designation will be limited to information relating to contracts with current dispensers; the identities of current dispensers; internal not-publically-disclosed company financial information; patient information from dispenser files; business and marketing plans; and proprietary technology.

**USE OF CONFIDENTIAL/ATTORNEY EYES ONLY INFORMATION**

6. The party to whom Confidential Information is produced (Receiving Party) may disclose, summarize, describe, reveal or otherwise make available the Confidential Information, only in accordance with the terms of this Protective Order, and only to the following persons:

a. the parties' attorneys of record in this action, and the immediate secretarial, paralegal, and clerical staffs of each of them;

b. the Court;

c. court reporters;

d. graphics or design consultants retained by counsel of record for the purpose of preparing demonstrative or other exhibits for use in this action;

e. photocopy, document imaging and database services retained by counsel and consultants retained by such counsel to set up, maintain and/or operate databases for use in connection with this action;

f. any actual or potential witnesses or deponents who, prior to and apart from this action had generated or received the particular item of Confidential Information to be disclosed to them, and their counsel;

g. independent experts and consultants engaged and retained to assist counsel of record in the conduct, preparation, or trial of this action, provided that they first fully execute an exact copy of the document entitled DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, which is attached as Exhibit A hereto; and

h. two designated persons employed by the Receiving Party, provided that they first fully execute an exact copy of the document entitled DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, which is attached as Exhibit A hereto.

7. The party to whom Confidential Information further designated as Attorneys Eyes Only is produced (Receiving Party) may disclose, summarize, describe, reveal or otherwise make available the Confidential Information designated Attorneys Eyes Only, only in accordance with the terms of this Protective Order, and only to the persons described in paragraph 6.a., b., c., d., e., f., and g of this Protective Order.

8. As and when Confidential Information may be offered or used in open Court, such orders as the Court may then deem necessary and advisable to protect such Confidential Information will be entered.

9. Confidential Information will be used by persons permitted access to it only for a purpose directly related to this action, and will not be used for any other purpose whatsoever, unless and until such Confidential Information shall have become public in a manner not in violation of this Protective Order.

10. Nothing in this Protective Order shall bar or otherwise restrict any attorney who is a qualified recipient under the terms of paragraphs 6 or 7, from rendering advice to his or her client with respect to this action; provided that, in rendering such advice or otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Information of another person or party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

## OBJECTIONS TO DESIGNATIONS

11. If any party objects to any Confidential Information and/or Attorneys Eyes Only designation and the parties are unable to resolve such objection, the objecting party may move the Court for an Order declaring that the information so designated is not entitled to the protection which corresponds to the designation. The party asserting the designation will have the burden of proving that the information in question is entitled to the designated protection. During the pendency of such motion, and until determination on the merits has been made by the Court, the designated material shall continue to be treated as if such designation is appropriate under the terms of this Protective Order.

12. The parties are not obliged to challenge the designation of any Confidential Information and/or Attorneys Eyes Only at the time of receipt, disclosure, or designation, and a failure to do so shall not preclude a subsequent challenge.

## INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

13. Inadvertent failure to designate any material or information that a Producing Party later claims should be designated Confidential Information and/or Attorneys Eyes Only will not be deemed a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, treat such material as designated in accordance with this Protective Order. Upon receipt of such written notice, the party who received the previously undesignated material shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Protective Order; (2) affix appropriate legends to such material; and (3) prevent further use or disclosure of the information contained in the previously undesignated material by or to persons other than those so authorized to view it.

## FILING OF DESIGNATED MATERIAL

14. Anything embodying or including material designated Confidential and/or Attorneys Eyes Only that is filed with the Court shall be filed in a sealed envelope or box, marked with the caption of this Civil Action, a schedule of the contents, and substantially the following statement:

**CONFIDENTIAL**

FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED ____________________ GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS CIVIL ACTION. THIS ENVELOPE [BOX] IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT TO QUALIFIED PEOPLE FROM EITHER PARTY OR BY ORDER OF THE COURT.

15. All material filed under such a Confidential and/or Attorneys Eyes Only designation shall be securely maintained by the Clerk for not less than 45 calendar days after the conclusion of this action in its entirety, including all appeals. Within that 45-day period, all parties or persons having provided Confidential Information which was so filed shall have the right to withdraw it. Thereafter, any such materials not so withdrawn shall become a part of the record in this action.

**DISPOSAL OF DESIGNATED MATERIAL**

16. Within 45 calendar days after the conclusion of this Civil Action in its entirety, including all appeals, all parties or persons having received material designated Confidential Information and/or Attorneys Eyes Only shall dispose of all designated materials either by destruction or by returning such materials to counsel of record for the Producing Party.

**LIMITS AND DURATION OF THIS PROTECTIVE ORDER**

17. Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, including producing or receiving Confidential Information, shall not:

a. prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for in this Protective Order with respect to any Confidential Information;

b. prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

c. prejudice in any way the rights of a party to seek a determination by the Court that any requested discovery be made; or

d. prejudice in any way the rights of a party to apply to the Court for further Protective Orders or modifications of this Protective Order.

It is so ORDERED this 2d day of August, 2001.

Susan Richard Nelson
The Hon. Susan Richard Nelson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**BELTONE ELECTRONICS CORPORATION,**

Plaintiff, Case Number: 01-CV-306 RHK/SRN

v.

**STARKEY LABORATORIES, INC.,**

Defendant.

DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This is to certify that I have read and understand the attached Protective Order entered ______________________, 2001 in the this action. As a condition of my review or examination of certain materials marked or otherwise designated as Confidential Information, I hereby agree to comply with the provisions of the Protective Order and, specifically, not to disclose or use any Confidential Information except as authorized in the Protective Order. I understand that failure to abide fully by the terms of the Protective Order may result in legal action against me personally.

______________________________ ______________________________

Name Occupation

______________________________ ______________________________

Home Address Employer

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

# Please forward this announcement to the recipient of this fax.

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.


| | | |
|---|---|---|
| 700 Federal Building | 202 U.S. Courthouse | 417 U. S. Courthouse |
| 316 North Robert Street | 300 South Fourth Street | 515 West First Street |
| St. Paul, MN 55101 | Minneapolis, MN 55415 | Duluth, MN 55802 |
| (651) 848-1100 | (612) 664-5000 | (218) 529-3500 |